Judge Luck and Judge Hull and I are pleased to be here with you today, in person and not, so thank you all for being here. We will get ready with our first case of the day, United States v. Lewis. Ms. Webster, whenever you are ready. Good morning. I may have pleased the court. This court should vacate Mr. Lewis's convictions because the District Court erred by determining that the Collateral Estoppel Doctrine did not apply. There are four requirements to apply the Collateral Estoppel Doctrine, but the District Court focused only on one, whether or not there is privity between the federal government and the state prosecution. On appeal, the District Court will also focus only on whether privity existed between the parties. Can we talk before you get there about whether the doctrine applies at all? I know we seem to have assumed it applies, and I don't think we've ever held that it applies in this context, and I'm interested in, and the reason I ask that question because it seems odd to me that a state court can try someone on the exact same charge that would come up in federal court, could come to an acquittal, and then the federal court can then try that person for the same exact crime with almost identical elements, in some cases absolutely identical, and we would not hold that that collaterally estops or has issue preclusion or res judicata or any doctrine. We've essentially said that that's allowed under the dual sovereignty. Why if that's the case, would something lesser like a suppression issue have something like collateral estoppel or res judicata apply? That's my question. Sure. Yes, Your Honor, I think that there are a couple of reasons why that's the case. So first of all, this court has specifically held, and in United States versus Schenberg, that the double jeopardy clause and the protections from double jeopardy, which is the cases that, which are the cases where that's established that the federal government can prosecute someone after the state, after the state prosecutes them or vice versa. This court has specifically held that in United States versus Schenberg, that that is not the same doctrine or that is the protections of the double jeopardy clause are not coextensive with the protections of collateral estoppel. And in that case, the court specifically said that if that were the case, that if collateral estoppel and double jeopardy protections were the same, then there would be no reason for the collateral estoppel doctrine to exist. And so this court explicitly rejected that holding or that premise. And so the fact that the federal government can also prosecute someone does not preclude the application of collateral estoppel. And there are a number of policy reasons to apply collateral estoppel in this case. Specifically, the Supreme Court has held that collateral estoppel applies in criminal cases. And that's been the holding since at least 1916. And the in the case United States versus Oppenheimer. And there, the Supreme Court specifically held, it cannot be that the safeguards of the person so often and so rightly mentioned with solemn reverence are less than those that protect from a liability and debt. And that case specifically held that the criminal protections from collateral estoppel are at least the same as the doctrines are as civil cases, as applies in civil cases. There are no, that I can tell, policy reasons for it not to apply in this case. And this, the Supreme Court and Alan B. McCurry talked about why the dual sovereignty doctrine would seem to be a pretty good reason why. In other words, there are separate sovereigns that make independent decisions of whether to prosecute and findings of one do not bind the findings of the other. For example, if a federal court were to determine that a state statute meant X and then the state court applied that same statute, the state court is not bound by the federal court's legal determination, correct? I'm sorry, say that one more time. Okay. A federal court determines that a state statute means X, whatever X is. And the state court has that same exact issue in a separate prosecution. They are not bound by our 11th Circuit determination of what the state statute means, correct? They get to decide that on their own. That's correct, Your Honor, because it's an issue of state law, but here the issue is the Fourth Amendment. Let's talk about federal law. If we say as a matter of federal law, federal law means X. The state court is not bound by our determination. Now, they are bound by the Supreme Court's determination, but you would agree with me that a state court is not bound by our determination of federal law, right? I think when you say our, do you mean the 11th Circuit? In the 11th Circuit. Yes, I think that if I'm practicing in state court and the state court has to apply a doctrine of federal law, then I think the state courts are, at minimum, look to the circuit courts for guidance on, especially on factors that have not been addressed by the Supreme Court. So if on a legal issue, they're not bound, and with regard to whether you can prosecute, they are not bound, and acquittal does not bind anybody. I'm just having trouble understanding how, in this context, a single factual determination of credibility would somehow bind a separate sovereign who's prosecuting under a different statute with different elements and all sorts of other things. I think I have two responses to that. One is that there are, as I indicated before, the, for example, in Allen v. McCurry, it was a, the plaintiff was bringing a 1983 suit case, and in that case, the Supreme Court of the United States said that when the state court rules on a suppression motion, then the federal courts are bound. They are, the collateral will stop all applies to foreclose that in federal court, to foreclose relitigating that in the context of a 1983 motion. So if that applies in the civil context to prevent a defendant from relitigating a Fourth Amendment and a 1983 suit, certainly I feel that that should, a criminal defendant whose liberty is at stake should also get the benefit of that holding, as the Supreme Court indicated in Oppenheimer. The other response to that is that even, we recognize that the dual sovereignty exception, the dual sovereignty doctrine exists, but there is an exception to that, and that is when there is a sham prosecution, when the other prosecution is operating as a sham or tool or cover for the federal prosecution. And we have argued that that's the case here because not only do both parties have an interest in prosecuting Mr. Lewis or people who are, who have committed crimes in their district, but the, here we have the state prosecution conducted in a way to protect the federal investigation, to conceal that investigation. And so, at that point, it is... Be very specific about the reasons that you allege the state prosecution is conducted in a way to protect the federal prosecution. The two, well, first of all, we know that that's true from the investigation, right? And I recognize that... Right, I'm asking you how you know that's true. But because I would say there, it's very often, as you know, that states and the federal government work together in various contexts. I'm sure you wouldn't say that in each of those, any state prosecution is a sham prosecution. We absolutely do not think that's the case. The thing, there are, I think, two facts that show that this was a sham prosecutor, that the dual sovereignty doctrine should not apply. And so, those specific facts about the prosecution, in addition to the facts about the investigation, which are extensively covered in our brief, one, the prosecution only existed because the federal agents did not want to arrest them on their own. So, that's one. So, I think there are three facts. So, the second fact is that when the officer testified in the state suppression hearing, he explicitly concealed any indication of the federal investigation. He did not testify that he had conducted the traffic stop at the behest of federal agents. So, that is the second point. Where's the evidence of that? That it was at the second part, that it was, he clearly didn't disclose it, but that it was done at the behest of the, not just federal agents, but the sovereign. Because, as I understand the test for sham prosecution, it, quote, requires a showing that one sovereign controlled, dominated, or manipulated the prosecution of the defendant by the other. Where's the evidence that, other than inference that you're drawing, that this was withheld at the behest of the sovereign, the prosecuting sovereign? So, the, I would point to another fact, which is that the discovery about the federal involvement was not revealed until well after the state proceedings. He was indicted in federal court in 2015. It was not revealed until 2017, when his co- Counsel, counsel, can you answer my question? Other than your inference, where in the record does it say that he withheld that fact at the behest of the sovereign? Well, I don't, there is no testimony or evidence that says it was at the behest of the sovereign, but I think there are basically two reasons why that could have happened. One is that he, they told the state prosecutor, who agreed not to present that evidence to the, to the court, or that evidence was withheld from the state prosecutor. And then, in that sense, then the prosecution was also manipulated because they were withholding that evidence from the state prosecutor. So, those are the facts that I think give Excuse me, how is that evidence relevant to the state charges? I'm sorry, I don't, I don't think that I understand your question. I don't understand why it would need to be known to prosecute a state crime that the federal government had been involved. Can you explain to me why that would be? Yes, because the entire basis for the staff was that the federal government was, or the was going to tell the truth, the whole truth, and nothing but the truth, and he withheld specifically that evidence. But under Wren, but counsel under Wren, his motive doesn't matter. I'm sorry, your honor, under his motive for conducting the stop? Under Wren, his motive for conducting the stop does not matter. I think that the, I understand that there may be disagreements with the state court judgment, but the Supreme Court has held in multiple- That's not a disagreement. Wren says that as a matter of Fourth Amendment law, the subjective intent of the officer in making the stop is irrelevant. That's not, that's not an opinion. That's a fact. Yes, your honor, but the Supreme Court in Wilkins and in other cases, in Allen, it's held that even when the state court gets it wrong, the state courts are entitled to deference in their efforts to prosecute the law, or in their efforts to uphold the Constitution. I have two record questions. One, I couldn't find the DEA report in this record. You talk a lot about it and what it showed, that it made the traffic stop. Do you know whether it's in the record? I couldn't find it. Your honor, it's not that the report is in the record, but that evidence- I'm not arguing about it. I'm just a record question. Is the DEA report in this record? I could not find it. Not to, not to my knowledge, your honor, I think there- No, I'm going to ask the government the same thing. Okay, that's all I need on that. Then I have one more threshold question, and that is because of some things in your brief, supplement or brief. In our case in Perchetti, we said whether issue preclusion may apply in the criminal context to bar one governmental entity from relitigating a pretrial suppression order previously rendered is an open question in this circuit. And I want to make sure you agree with that, that it's an open question in this circuit, the threshold question of whether it should apply. That's all I'm trying to find out. Yes, your honor, we agree with that. Okay, you've answered my questions. Thank you very much. Okay, I see my time is up. Thank you. Mr. Hertzberg. Good morning, and may it please the court. Theodore Hertzberg for the United States. The district court did not err by denying Mr. Lewis's motion to suppress evidence. It determined correctly that even if collateral estoppel could bar the United States from relitigating a suppression order in certain circumstances in a matter where the United States was not even a party, here in this case, the state government and the federal government were not in privity with each other, and therefore collateral estoppel would not apply. I agree that the starting point in this case is this court's holding from approximately 30 years ago in United States v. Pershitty, because in Pershitty, this court acknowledged that it did not need to reach the question of whether collateral estoppel applied, but instead could go straight to the elements. And here, where the defense's argument fails, here as it did below, is with respect to privity. And that is because, as this court held, cooperation between federal and state authorities in investigating defendants does not establish privity between the state and federal governments for the purposes of prosecution. This court's focus must be on the prosecuting arms of the sovereign, because that is for who the sovereign acts, or through whom, rather, the sovereign acts. And so in Pershitty, this court took a look at only one case where there could have possibly been a sham prosecution. That was some Western District of Virginia case where there was a pooling, as the district court said, a pooling of prosecutorial resources. That did not happen here. What happened here was cooperation between federal task force officers and a Fulton County Sheriff's deputy. Really, I would suggest, little more than a tip saying, this is happening, do we think you should go and take a look at it, follow and let us know what goes on. There was discretion on the part of the court. It's more than that, counsel. It's a lot more than that. I wouldn't Fair enough, fair enough. They said, go do a traffic stop so we can early search the car. That's really what they said. Yes, and that was absolutely I mean, not in so many words, but that's what's going on here. Yes, and provided that probable cause was found by that officer, then that stop would happen, the search would happen if there was probable cause again, and all of that was done by the Fulton County officer in this case. Task force officer then came in again and did an interview Listen, Judge Cogar knows what he's doing. He's been on that Fulton County Superior Court bench 30 years. He listened to that officer and said, I don't believe you. And I don't, the whole basis was he was speeding, right? That's right. Allegedly speeding. He said, you followed him X amount. You didn't have radar. You didn't have anything. They told you to go find probable cause. They didn't really even say go find probable cause. That was understood. We don't need to go to that. But he found, I think you need to go not to the facts and circumstances here, but go to, because we have to assume, I think that they said, go find probable cause. The feds did, the federal agent, excuse me, the deputized federal agent who's really a Fulton County officer, but he's still a deputized task force officer. The feds said to the county officer, go follow that car and find a traffic stop because they saw him put the brown bag in. You just can't run away from those facts. So go to your pre-meeting. And I'll say, Judge, that even if the TFO had done it himself, I still don't think that there would have been a sufficient nexus between the federal government's prosecuting arm and the state government's prosecuting arm to establish privity here. There is nothing in the record to establish any control being exercised by the United States over the state court prosecution. What facts would get us there? I'm sorry, Judge? Tell me what facts would get us there? Well, if, for example, in the, I believe it was the Belcher case that was cited in Porchetti, you had the same prosecutor flitting between state court and federal court, acting in both courts at the same time. Even in Porchetti, it was, I mean, frankly, it's surprising. It was the same prosecutor who was designated as a special assistant United States attorney who then prosecuted the federal case. And we said, still, that was not sufficient. That's right. And that was done at different times. Belcher, I think the same prosecutor was acting at the same time, both in the state court proceeding and in the federal court proceeding. And that's why the court there said there was a pooling of prosecutorial resources. There was essentially a Lord High Prosecutor in both courts. And they said this centralized government approach is not appropriate, and therefore a collateral estoppel would apply to estop the federal government there. It was different in Porchetti, where after the state court case had been dismissed, that state court prosecutor was then a special assistant United States attorney and handled the case for the federal government. But that did not show contemporaneous cooperation. If there was domination of the state court prosecution by the federal government, if the federal government was calling the DA's office and saying, I want you to argue this, I want you to do this, I've drafted this motion for you, was essentially using the state court DA's office as its cat's paw, that would be sufficient. I think you're probably right, but how would we know that? How would you possibly develop those facts if you're Mr. Lewis? Well, one could ask, for example. And that's why there's an absence in the record here. I don't believe, I shouldn't say I don't believe, I know for a fact that there is nothing in the record that would even suggest that the deputy concealed, was the word that was used by my colleague, concealed evidence of the federal investigation, or did so at the behest of the federal government. There's actually in the record, and this is at the district court suppression hearing from November of 2019, at pages 84 to 85, Officer Henry, Lieutenant Henry, the Fulton County deputy was asked, were you asked any questions? All of these times that you testified in state court, were you asked any questions about a federal investigation or about any sort of surveillance, about any coordination with the federal government? I was not. And if you had been asked, would you have revealed that information? Yes, I would have. That's how our system works. That's how testimony works. Questions are asked and answers are given. It's just a matter of omission here. He didn't voluntarily. Correct. Omission, not concealment. It's not concealment. Exactly. I assume we don't have the record of the state court suppression hearing. No, not, I do not believe that. Yeah, because they don't really do those. Right. It would, somebody would have to request a transcript. I don't think we need it, but it, was it even taken down or we don't even know that. It was. It was taken down, but not transcribed. And that's, in fact, I believe it was transcribed because during the federal criminal trial the defense used the officer's testimony in the state court proceedings to impeach. Okay, well, is that in the record here? The fact that he used it is in the trial transcript. No, no, no. Is the transcript of the state suppression hearing in the record? No, Judge, I do not believe that it is. I certainly would not have put it in the record. I don't believe that defense counsel did during the suppression hearings. In answer, though, to Judge Grant's question, the answer would be, did you conceal this from the court at the behest of the DA agents? He would have to say, yes, they directed me or told me not to disclose because it would have harmed the investigation, whatever reason it would have given. Correct. And in this case, he would have said no or I don't know because he had no contact with the federal government until the federal government indicted this case approximately a year after it had been dismissed in state court. What about the fact that, and I think your opposing counsel brought this up, that it appears as if, and I think it's conceded that the agent, the DA agent or the task force officer, after they lost the suppression hearing, went over to the to the to the federal side and said, hey, you know, this is going on here. Will you take this case? And they then it looks like a period of about eight months or so investigated and ultimately indicted. You agree with those facts that happened? Yes. And as part of that investigation, tested more drugs and built a different case, a stronger or larger case than had been built in state court by the state court authorities. What about the inference or the fact that the officer, the task force officer brought the case to the from the state to the federal side after the suppression hearing? Does that indicate any sort of coordination or control or anything like that? It certainly doesn't indicate control because, again, the federal government's prosecuting arm wasn't involved until somebody took it and referred it to the federal government. So it certainly doesn't indicate control coordination, perhaps. I mean, I don't want to nitpick on words with this, but I would say also that there's nothing wrong with that. We have a system of dual sovereignty. It is appropriate that if Mr. Lewis was not going to be able to face justice in the state court and he did something that also violated the laws of the United States, that the federal government would be able to prosecute him for that violation of federal law. I want to ask you about the the in limine issue here. Let's assume for the moment that there was in a having not in a completely unrelated prosecution a year or two before this prosecution, the officer who testified, Officer Henry or Lieutenant Henry, was found to be not credible by a court. And then this federal prosecution came up and defense counsel wanted to use that credibility finding to impeach Officer Henry. Would the officer, would the defense counsel be allowed to do that? No, I think that would be properly excluded under 402 and 403 as we argued here. And I say that because unless that credibility finding is a perjury conviction, in which case we're dealing with Rule 609, I don't think that that has any business in front of a jury. So you're saying an officer's, any finding against an officer that they acted corruptly or had lied, let's use a different hypothetical, which comes up very often. An officer, there's an internal investigation, an officer is reported to have lied about timesheets internally. There's an investigation, there's a contestation, there's a hearing, and there's an ultimate finding by either the chief of police or the mayor or whoever, or the county official, that it in fact happened and sustained that. Can that be used by counsel? I think that can be used, and I think that's very different than this. How is that different than a judicial finding that someone perjured themselves or lied on the stand? Because under 403, the potential to mislead and to confuse the jury. So my question is, can it be introduced? I understand that under 403, a judge can make a call to exclude it as prejudicial. My question is directed at, can it be introduced? I don't think that evidence that is unfairly prejudicial can be introduced or should be introduced. No, irrelevant evidence is admissible evidence, and it can be excluded under the court's discretion because the probative value is substantially outweighed by its prejudicial effect. But put aside 403 for the moment if that makes you feel better. Okay, well I think there would still be bars with respect to that judicial determination under the hearsay rules, which is not a point that I argued in my brief here, but I did argue below. It's an order that's stamped, so it's certified. It meets all authenticity, and it's a court record under 803, a business record. There's a 902.11 certificate. Everything has been met, so let's put aside hearsay, let's put aside authenticity. Can it be introduced? I would say that yes, Judge. Under certain circumstances, perhaps it can be introduced. So why is that different if it's at a hearing that's unrelated to the case or not even a judicial finding, an administrative finding by a mayor or by a county official? Could that be introduced, but somehow this is precluded under the rules of evidence? Well, I think, Judge, as you noted, the district judge has the discretion certainly under 403 to make that call, and so this court owes some deference to the district judge in that regard. Was it a 403 call that the district judge made here? I believe that it was, yes. Show me that in the record. Where is the basis that I'm excluding this because the probative value is substantially outweighed by the prejudicial effect under Rule 403? Well, we had a pretrial conference in this case discussing the motions in limine, and what I argued in my motion in limine to exclude this was 402, 403, and then also hearsay. So they're not relevant, hearsay, and prejudicial. Correct. And the district court did not address the hearsay argument, but I think did say this is going to be the jury's determination as to credibility. But also the district court said, look, if I let you put in that this was the state court made this fact finding, then the government can come right back and say the magistrate judge and the district court has found incredible. And so they would, it would confuse the jury. The district judge borrowed that actually from me. I don't know that he said prejudicial, reasonable probability outweighs this or that, but what he said was if I let you introduce it, what the state court did, then the government's going to get right back up and show what the magistrate judge found, and then what the district court, because the district court had a separate hearing here, right? That's exactly correct. And made a credibility finding, and all that's just going to confuse the jury. So under the facts and circumstances of this particular case, the district court excluded it. That is exactly right. And that is exactly what I argued. Now, what ground? I don't know, but that's what they said. Yeah, that's exactly right, Judge. And it is what I argued in my motion as well, because it almost becomes a battle of the which judge they think had the better view of this witness's credibility. They have the witness, and the defense had the transcripts from the four other times that this officer testified and was questioned by the same defense attorney in all five of those proceedings. There were proceedings in Fulton County, there were proceedings in Doherty County, there were proceedings before the magistrate judge in federal court, there were proceedings before the district judge in federal court. All of that was available to be used on cross-examination, and some of it was, in fact, used. So, counsel, if I can look to, with the short time you have left here, this is Document Entry 147, pages 6 and 7. This is the ruling on the motion in limine here. And so what the district court, as I understand it, it says you're not getting into any of the reasons why this case was dismissed underlying, and why the Fourth Amendment, including the credibility issue. And here's what the court said, ultimately, after going through everything. I think it's important for the jury to know that the case was terminated, so the fact that there's no longer a state prosecution, so that they have some understanding about why the drugs don't exist, but the reason why the case was terminated, i.e., the credibility determination, is not relevant to the issues that the jury will have to decide in this case. Now, I'm not a legal scholar or anything like that, but it seems like a relevance determination, right? I think you are a legal scholar, Judge, and yes, he did at that point, you know, cite relevance specifically. Right. Yes. Is it relevant that a prior judge in a state court proceeding has found an officer to be not credible? I think it can be, yes. So that's wrong. I mean, that's just wrong. Now, whether it's prejudicial or not is a separate issue, but that's wrong. That's right. And certainly, if the court even were to find an abusive discretion error, it would need to find that there was, that the error was harmful, and I don't believe that that would happen here. And of course, I don't read the argument that the defense is making here as being that... Can you go into the harmful thing, because I think that actually is pretty important for you. Sure. Absolutely, Judge. There is an abundance of evidence in this case, as to Mr. Lewis, an abundance of evidence. Put aside the traffic stop and all that, the individual from whom he purchased the drugs, the source of supply, Warren Ferguson, testified at trial, identified Mr. Lewis on the poll cam video, on two different dates, of Mr. Lewis carrying bags in and out of known drug stash houses. You have Mr. Lewis's written and oral confessions, three separate occasions. And the bag was found in the car where he was, and he wrote and said, that was my bag. He did that, yes.  In addition, the vehicle in which he was in, and the vehicle in which he was seen in the poll cam video, was registered first to, I believe it was his child's mother, and then to his actual mother. So an abundance of evidence in this case. It may not turn out to matter, I know you're out of time, so I'll try to be brief, but I want to make sure I understand the government's position on collateral estoppel. Do you agree or disagree that Oppenheimer says that collateral estoppel applies in federal criminal proceedings? That is what Oppenheimer says. I also believe that Pershidi says it's an open question as to whether it applies in this circuit with respect to suppression orders specifically. And I believe that every other circuit court to have addressed the issue has said the same, and always decided the issue with respect to privity. Thank you. Thank you, Your Honors. Ms. Webster, you've got your five minutes. In rebuttal, I would like to focus on or to mention two factual issues before turning to the issue that Judge Leib brought up. First, I think the best basis for knowing what happened in the state court proceeding is the state court's order, which is at document 42-1. And that details what the officer testified in the initial hearing, and then what was subsequently disclosed. And the specific credibility findings that the state court made. Second, I would point out that the state court was case was dismissed in November of 2017. And that in January of 2018, so just two months later, the federal government was or the agent was already requesting that the evidence be tested because they were bringing a federal prosecution. And that is at document 132 at 13, pages 13 to 23. And then turning to the credibility determination, I want to point out that it's not just a general credibility determination. It's that the state court specifically found that he lied about specific facts, that he found that he was lying about the speeding, that there was no actual speeding, that he lied about smelling marijuana, and that he potentially lied about the person claiming the, about Mr. Lewis, claiming the... The counsel. Haven't we said, and other courts, but we specifically have said that in exactly this sort of situation where there's been an adverse credibility finding by a court in an order that that order cannot be introduced because it is so prejudicial and invades the province of the jury in exactly what it needs to find. That is the credibility of the witnesses. And we've excluded exactly the sort of evidence under exactly the sort of circumstance. I am not aware, and maybe I've missed the case, Your Honor, but I'm not aware of a case where that he was specific, the prior court found that he was specifically lying about very specific factual issues that were being presented to the jury. And I want to address a couple of points. One is that, yes, I understand what the point that Judge Hall was making that if potentially that the credibility findings from the magistrate judge and the district court judge could have come in. But even if that is the case, it is still helpful as a defense attorney to say, yes, you may have told the truth in subsequent hearings, but the first time that you got up in court, you lied about this and you lied about this thing and you lied about this thing. The premise, though, of Judge Hall's question is if this if the shoe were on the other foot, you would be screaming and hollering if a judge found that my magistrate judge had a hearing on this, found the officer credible. And now that we're a trial, the government seeks to introduce that positive credibility finding. I mean, you would be jumping up and down about that because for the same reason that it invades the province of the jury to be able to find that very fact of whether the officer was credible as to the very issues involved in this case. The government doesn't have a constitutional right to confront a witness. And so it's not just the relevance issue or the 403 issue. It's a specific it's part of his confrontation clause to run a witness and to cross examine them. Well, let's talk about that. So as I understand it, the defense here was credibility of the witnesses. That's the key. I believe you even state that in your brief. As I understand it, the court allowed you very broad leeway to impeach. And we even just discussed it earlier in the oral argument to impeach on the prior inconsistent statements from the suppression hearing. In other words, you were given free reign to impeach and then to call Officer Henry a liar when it came time for closing argument. Right. I think there is a yes, he was allowed to impeach the prior witness, but I think there's a significant difference between going to a jury and saying, but on this occasion, you said this on this occasion, you said this on this occasion, you said something different. There's a significant difference between that and saying and a judge found that you lied. But when that is a counsel, once you're in effect, the counsel, once you are allowed to introduce your defense, once you're allowed to support it, the parameters of that are not constitutional. That at that point becomes a matter of evidence, right? I believe that the test from this court's case is say that if the jury would have had a significantly different view of the evidence or the credibility of the witness. And here, I think that's plainly evident that if the jury had the specific credibility findings, it would have had a different view of his credibility. Also, I see my time is running out, but I would also like to emphasize the point that I think this specifically was admissible under 608B as a prior instance of untruthfulness. Thank you, Your Honors. Thank you very much. And Ms. Webster, I understand that you're CJA appointed, so thank you for your service to your client and this court. Thank you.